# GRAND ISLE COUNTY.

## JANUARY TERM, 1841.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE, } *Assistant Justices.*
" JACOB COLLAMER, }

### JOSEPH K. SEWELL *v.* JOHN M. SOWLES.

The defendant receipted a pair of horses, which had been attached on a suit against W. When the horses were demanded, by the officer who held the execution, the defendant did not deliver them, but delivered two other horses of W.'s, for which those attached had been exchanged, and the horses so delivered were sold on the execution. In an action upon the receipt, *it was held,* that the defendant was liable for the value of the horses attached, deducting the sum received for the horses so sold.

TROVER, for a pair of horses and a double wagon, attached by the plaintiff, a legal officer, and receipted by the defendant.

Plea, not guilty, and trial by jury.

On the trial in the county court, it appeared, from the evidence, that the plaintiff, as a legal authorized officer, had attached the horses and wagon, in question, as the property of one Williams, by virtue of two writs, one in favor Wm. H. Lyman, and the other in favor of Sowles & Lyman, against said Williams and others; that a judgment was rendered against said Williams and others, on the writs; that executions issued and the property attached was demanded by Clark, a constable, who had the executions, (and who also held the receipt, given by the defendant, for said property,) according to law. The horses so attached were notdeliv-

ered on such demand, Williams having exchanged them af-
ter the attachment and before judgment, with the consent of
the defendant, Sowles, for two other horses. When the
demand was made, the two horses, received in exchange for
those attached, were turned out, by the defendant, to the
constable, and, with the wagon, were sold upon, and in part
satifaction of, the executions. The plaintiff claimed, in this
action, to recover the value of the two horses attached, and
the defendant contended that the two horses, received by
Clark, were received *in lieu* of those attached, and, upon
this point, the county court instructed the jury, that if, from
the evidence, they should find that the horses, sold on the
executions, were received, by the consent of the plaintiff, in
lieu of those attached, their verdict should be for the defen-
dant. The testimony tended to show that the horses sold,
were worth as much as those originally attached, and that
Clark received the horses and wagon of the defendant, by
direction of the plaintiff, to be sold, and the proceeds ap-
plied on the executions " as far as they would go."

The defendant requested the court to charge the jury,
that if the horses, sold on the executions, were worth as
much as those originally attached, their verdict should be
for the defendant ; but, if less, the rule of damages should
be the difference in value between the horses originally at-
tached and those turned out and sold upon the executions.

But the county court charged the jury, among other
things, that if the property, upon which the executions were
levied, was received under an agreement, simply that it
should be sold and the proceeds applied on the executions
" as far as it would go," it could have no other effect upon
the rights of the parties, in this suit, than what would result
from satisfying the judgment to that extent, in any other way,
in the absence of any agreement that it should be applied
so as directly to affect the liability of the defendant on his
receipt.

As to the rule of damages, the jury were instructed, that,
as the plaintiff claimed to recover, by virtue of a special
property, and the extent of his lien appeared to be less
than the value of the horses originally attached, it would be
the duty of the jury, if they found for the plaintiff, to give

damages to the extent of the plaintiff's lien ; that is, the balance due on the executions.

The jury returned a verdict for the plaintiff, assessing the damages in pursuance of these instructions, and the defendant excepted to the charge of the court.

GRAND ISLE,
January,
1841.

Sewell
v.
Sowles,

*O. Stevens,* for defendant, contended that the county court erred in their charge to the jury, relating to the rule of the damages, and insisted that whatever might be shown, by an officer, in defence, or mitigation of damages in a suit by the creditor against the officer, may be shown by the receiptor in an action by the officer; that the proper inquiry, in this case, was, what had the plaintiff lost by the acts or neglect of the defendant, and what damage had the creditor sustained ? He further insisted, that, from the facts, as stated in the exceptions, it was evident that the only loss the plaintiff had sustained, if any, was the difference between the value of the horses originally attached and those sold upon the executions ; hence, the defendant was entitled to such a charge, upon this point, as he requested the county court to give ; and cited *Allen* v. *Butler, et al.* 9 Vt. R. 126. *Southwick, et al.* v. *Weeks,* 3 Vt. R. 52. *Munger* v. *Fletcher,* 2 Vt. R. 528. *Davis* v. *Miller,* 1 Vt. R. 12. *Walker* v. *Smith,* 2 Vt. R. 543. 5 Vt, R. 321, and 6 Vt. R. 610.

*Harrington* and *White,* for plaintiff, insisted that, as the case discloses that the horses sold upon the executions were delivered and received to be sold, and have the proceeds applied in satisfaction of the executions *so far as they would go,* the defendant was not entitled to such a charge as he requested, and cited *Riford* v. *Montgomery,* 7 Vt. R. 418. They further contended that it was for the interest of the defendant to have other property of Williams than that attached levied upon, in satisfaction of the executions, and thus reduce the amount of his liability upon his receipt, and that it was wholly immaterial whether the horses, sold upon the executions, were received by the defendant, or Williams, in exchange for those originally attached, or not, as the exchange was made without the plaintiff's knowledge or approbation ; that the effect of such sale upon the defendant's liability was

precisely the same as if other property of Williams had been levied upon in part satisfaction of the executions.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The plaintiff claimed, in this action, to recover the value of the two horses attached. The defendant contended that the two horses, received by Clark, were received *in lieu* of those attached. If they were so received, by the consent of the plaintiff, it was, undoubtedly, a good defence in this action. The charge of the court, on this point, was right, and the finding of the jury established the fact that they were not so received.

The question then is, what effect the receipt of the two horses, by Clark of Sowles, the receiptor, and the subsequent sale on the executions, should have on the damages for which this defendant was liable? The charge of the court, upon this point, placed the delivery of this property on the same ground as though a payment of so much had been made by Williams, the debtor, on the executions, and gave it no further effect. We think it should have a further effect on the damages to which the defendant was liable in this action. The defendant, having received the horses attached of the plaintiff, and executed a receipt therefor, it was his duty to return the same horses, or pay the value of them. If he substituted other property, either his own or Williams', which was sold on the executions, it should have operated to extinguish his liability, *pro tanto*, whether received by Clark, the officer, under any such agreement, or not. He might have paid a sum of money, directing it to be applied in part satisfaction of his liability, and, if received at all, it would have had that effect, whether Clark consented to the application or not. The jury should have been instructed, that, although the defendant was liable for the whole value of the property attached, yet, if he substited other property, instead of that, which was sold and applied on the executions, whatever sum the property sold for should be applied directly in reducing the amount for which he was liable on his receipt.

The judgment of the county court, is, therefore, reversed.